UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AMBER MARIE CLARK,
    Plaintiff,

vs.                                  Case No.: 3:24cv415/MCR/ZCB

TIMMOTHY HILLY,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Presently before the Court is Plaintiff's Complaint. (Doc. 1). The Court is statutorily required to screen Plaintiff's Complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B) (governing *in forma pauperis* actions). Upon review of the Complaint, it is apparent that this case is subject to dismissal.

### I.    Background

Plaintiff has named Timmothy Hilly—a lawyer working for the Office of Criminal Conflict and Civil Regional Counsel-First District—as

1

the sole Defendant in this case. (Doc. 1 at 3). Plaintiff sues Defendant in his official capacity. (*Id.*). According to Plaintiff's allegations, Defendant represented Plaintiff at a termination of parental rights (TPR) hearing involving Plaintiff's children. (*Id.* at 4). Plaintiff "repeatedly stated that [she] did not want a Mormon lawyer." (*Id.*). Plaintiff alleges that Defendant defended her ex-husband in court and stated that Defendant "'didn't think the father had a drug problem' despite the fact [two] teachers [testified] to the fact [the father] showed up to school intoxicated." (*Id.* at 4-5). Plaintiff further states that Defendant "did not even request a motion of discovery" or "allow [Plaintiff] to provide proof of lies." (*Id.* at 5).

Plaintiff claims that Defendant violated the Sixth Amendment "right to fair trial" and "right to a lawyer" because Plaintiff lost her kids and "had plenty of [proof] to [prove] fraud on the court with DCF." (*Id.* at 6). Plaintiff requests $3 million in damages for losing her children due to Defendant's neglect and asks for injunctive relief that Plaintiff's children be returned. (*Id.*).

## II.  Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id*. (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to

3

be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### III.  Discussion

As previously stated, Defendant is an attorney with the Office of Criminal Conflict and Civil Regional Counsel.[1] From Plaintiff's complaint, it appears that Defendant represented Plaintiff in a civil proceeding in state court (a termination of parental rights hearing). Section 1983 provides a remedy when a person acting under color of state law deprives the plaintiff of a right, privilege, or immunity secured by the U.S. Constitution or federal law. 42 U.S.C. § 1983. A plaintiff cannot recover under § 1983 against a defendant who was not acting under color of state law. *Myers v. Bowman*, 713 F.3d 1319, 1329 (11th Cir. 2013). "[T]he Supreme Court has held that public defenders do not act under

---

[1] The Office of Criminal Conflict and Civil Regional Counsel was created by the state legislature "to represent indigent people accused of crimes that the Public Defenders were unable to represent due to a conflict of interest." *See* https://rc1fl.com/ (last visited Sept. 5, 2024). The Office "only handles cases where a judge appoints [the] Office" including civil matters such as "termination of parental rights cases." *See* https://rc1fl.com/services/civil-cases/ (last visited Sept. 5, 2024).

color of state law when 'performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding' and thus, they are not liable under 42 U.S.C. § 1983." *Grider v. Cook*, 522 F. App'x 544, 547 (11th Cir. 2013) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)). The same principle applies to attorneys who work for the Office of Regional Conflict Counsel. *See Dwyer v. Office of Criminal Conflict Counsel*, No. 3:11cv337/MCR/CJK, 2012 WL 4758137, at *4 (N.D. Fla. Aug. 30, 2012), *adopted by*, 2012 WL 4758045, at *1 (dismissing section 1983 claims against attorneys from the Office of Conflict Counsel because they were "the functional and legal equivalency of the state public defender" and, therefore, "did not act under color of law"); *see also Wexler v. Torres*, No. 6:22cv1627, 2022 WL 16837229, at * 4 (M.D. Fla. Oct. 18, 2022), *adopted by*, 2022 WL 16836723, at *1 (dismissing section 1983 claims against a regional conflict attorney because the attorney was not acting under color of law).

Here, although Defendant represented Plaintiff in a civil rather than criminal matter, "it is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for the purposes of § 1983 liability." *Ashley v. Colohan*, No. CV 109-033, 2010

WL 322741, at *3 (S.D. Ga. Jan. 27, 2010); *see also Ballard v. Watson*, No. 1:22cv128, 2023 WL 8703752, at *2-3 (N.D. Fla. Sept. 25, 2023) (determining that an attorney with the Office of Criminal Conflict and Civil Regional Counsel was not acting under color of state law under § 1983 while representing a plaintiff in a state court proceeding). In some instances, "an attorney may be sued under section 1983 if he conspired with someone who did act under color of state law," but this exception only applies if the plaintiff pleads "more than a general conclusory allegation of a conspiracy." *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). Because Defendant was not acting under color of state law, he is not subject to suit under § 1983 and dismissal is warranted.

Moreover, dismissal is warranted because Plaintiff has not plausibly alleged a violation of the Sixth Amendment. The Sixth Amendment provides "[i]n all *criminal prosecutions*, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . wherein the crime shall have been committed . . . and to have the Assistance of Counsel for his defence." U.S. Const. amend. VI (emphasis added). "But the Sixth Amendment does not govern civil cases." *Turner v. Rogers*, 564 U.S. 431, 441 (2011). Thus, a plaintiff cannot prevail in a

§ 1983 based on an allegation that a defendant violated the Sixth Amendment in a civil proceeding. *See Mason v. Mobile Cnty. Cir. Clerk*, No. 23-12775, 2024 WL 1803091, at *3 (11th Cir. Apr. 25, 2024) (holding that a § 1983 plaintiff failed to state a Sixth Amendment claim because the Sixth Amendment does not apply to civil cases).

Here, Plaintiff claims that her Sixth Amendment rights were violated by Defendant when he represented her during a state court child custody proceeding. (Doc. 1 at 4-6). Plaintiff, however, advances a clearly meritless legal theory because the Sixth Amendment does not apply to such civil proceedings. Therefore, Plaintiff's claims should be dismissed.[2]

Given the issues with Plaintiff's allegations—especially the fact that Defendant is not a state actor who can be sued under 42 U.S.C. § 1983—allowing leave to amend would be futile. *See Sifford v. Ford*, 701

---

[2] To the extent Clark is attempting to nullify a state-court judgment regarding her parental rights, such a claim is barred by the *Rooker-Feldman* doctrine. *See e.g., Fox v. Fla. Dep't of Children and Families*, 828 F. App'x 639, 642 (11th Cir. 2020) (holding the "district court properly dismissed Fox's federal claims for lack of subject matter jurisdiction under the Rooker-Feldman doctrine" because a claim that "FDCF investigator violated her Fourth and Fourteenth Amendment rights when he removed her daughter from her home . . . would effectively nullify the state-court judgment . . . terminating her parental rights and stripping her of custody").

F. App'x 794, 796 (11th Cir. 2017) (explaining that "a district court need not allow even a *pro se* plaintiff leave to amend where amendment would be futile"). The Complaint, therefore, should be **DISMISSED** without prejudice.

### III.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. This action be **DISMISSED without prejudice** under 28 U.S.C. §§ 1915(e)(2)(B).

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 10th day of September 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.